

**FILED**
October 24, 2024 03:57 PM
ST-2009-CV-00070
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **TARIQ DAVIS**, a minor, by his parents and next friends, DIANNE BYNOE and ROOSEVELT DAVIS, and DIANNE BYNOE and ROOSEVELT DAVIS on their own behalf, <br><br> Plaintiffs, <br><br> vs. <br><br> **AMERICAN YOUTH SOCCER ORGANIZATION, VIRGIN ISLANDS AMERICAN YOUTH SOCCER ORGANIZATION, THE UNIVERSITY OF THE VIRGIN ISLANDS, and LAVAR BROWNE** <br><br> Defendants. | **Case No. ST-2009-CV-00070** <br><br> **ACTION FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

### 2024 VI Super 42U

### <u>MEMORANDUM OPINION</u>

¶1    **THIS MATTER** is before the Court on Plaintiffs Tariq Davis and his parents, Dianne Bynoe and Roosevelt Davis, ("Plaintiffs") Motion to Disqualify Defendants' Counsel, filed October 27, 2016.[1]  For the reasons set forth below, Plaintiffs' motion to disqualify will be denied.

---

[1] This matter is fully briefed. Defendants American Youth Soccer Organization and Virgin Islands American Youth Soccer Organization ("Defendants") filed an opposition on January 12, 2017, and Plaintiffs filed a reply on April 3, 2017. On May 9, 2017, Defendants filed a motion for leave to respond to Plaintiffs' reply. The motion for leave to respond will be denied under separate order.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 2 of 23

Cite as 2024 VI Super 42U

## BACKGROUND AND PROCEDURAL POSTURE

¶2 Plaintiffs Tariq Davis and his parents, Dianne Bynoe ("Bynoe") and Roosevelt Davis ("Davis"), are residents of St. Thomas, Virgin Islands. In 2007, Plaintiff Tariq Davis ("Tariq"), a minor at the time, was with his teammates at the University of Virgin Islands soccer field in preparation for a soccer game. Compl. ¶ 13. While Tariq was on the field with his teammates, Tariq chased an errant ball out into the public roadway located next to the field, which runs parallel to a public roadway. *Id.* Plaintiffs allege that Tariq was hit by a car and thrown into the air. He was knocked unconscious and injured. *Id.* Plaintiffs allege that Defendant, American Youth Soccer Organization ("AYSO"), was an organization dedicated to sponsoring youth soccer teams nationwide and in the Virgin Islands at the time of the incident. Compl. ¶ 4. Plaintiffs further allege the Virgin Islands American Youth Soccer Organization ("VI AYSO") was an "organization that sponsored, promoted, and supervised youth soccer in the United States Virgin Islands," and its agents, servants and/or employees were "supervising the practice game that was taking place at the time of the incident alleged." Compl. ¶ 5.

¶3 On February 12, 2009, Plaintiffs filed a complaint against Defendants AYSO and VI AYSO, jointly and severally, raising claims of premises liability and negligence. (*See* Compl. ¶¶ 18-19).[2] On June 11, 2009, Defendants AYSO and VI AYSO filed a joint Answer and Affirmative Defenses, by John A. Sopuch III, Esq. ("Sopuch") on behalf of both defendants. On May 17, 2011, Sopuch and A. Jeffrey Weiss, Esq. ("Weiss") filed a stipulation for substitution of counsel for AYSO only, which the court approved on July 7, 2011. On February 23, 2012, Weiss filed a notice

---

[2] Plaintiffs also named the University of the Virgin Islands as a defendant, as well as Lavar Browne, the operator of the vehicle that hit Tariq.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 3 of 23

Cite as 2024 VI Super 42U

of unavailability stating he represents AYSO and VI AYSO, and thereafter consistently filed motions and pleadings on behalf of AYSO and VI AYSO. Several years later, Plaintiffs filed the instant emergency Motion to Disqualify Defendants' counsel, which seeks to disqualify Weiss.[3]

¶4     Plaintiffs argue that Weiss's representation of co-defendants AYSO and VI AYSO creates an inherent conflict of interest that cannot be waived. First, Plaintiffs assert that AYSO, through Thomas Tobin ("Tobin"), its Rule 30(b)6 representative and the National Executive Director of the American Youth Soccer Organization, has repeatedly denied responsibility for Tariq's accident and attempted to shift responsibility to VI AYSO for the events on the soccer field on the day in question. Second, Plaintiffs argue that a 2001 agreement between the co-defendants includes an indemnification clause releasing AYSO from liability in the case of trademark misuse and breach of responsibilities under the agreement, thereby creating a concurrent conflict of interest. Finally, the Plaintiffs argue that the conflict of jointly representing AYSO and VI AYSO has resulted in an unjust delay to the Plaintiffs' discovery efforts.[4]

¶5     Defendants first counter that Plaintiffs incorrectly designate VI AYSO as a separate entity when VI AYSO is merely a component or regional chapter of one single legal entity known as AYSO. Moreover, Defendants assert they have consistently presented a unified defense throughout the course of litigation and that Plaintiff is at fault for the delay in discovery.

¶6     The court will consider Plaintiffs' three arguments.

---

[3] Defendants filed two cross-motions to disqualify Plaintiffs' Counsel, which were denied separate opinions. *See* 2024 VI Super 38U and 2024 VI Super 40U.

[4] Although the Parties argue at length about the delay in discovery efforts, the Court will not address these arguments because nothing in Rule 211.1.7 specifically states that any alleged delay in discovery efforts is grounds for disqualification of counsel nor have the parties provided any law to support the notion that delay in discovery provides grounds for disqualification.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 4 of 23

Cite as 2024 VI Super 42U

## LEGAL STANDARD

### A. Disqualification of an Attorney

¶7    Pursuant to the Virgin Islands Rules of Professional Conduct,[5] a lawyer *shall not* represent a client when representation amounts to a concurrent conflict of interest. V.I. S. CT. R. 211.1.7(A) (emphasis added). A concurrent conflict of interest exists if:

> the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

*Id.*

¶8    To determine if a concurrent conflict exists, the Court must first determine whether "there is either direct adversity between two or more clients or a significant risk of material limitation on the lawyer's advocacy due to the lawyer's relationship with multiple clients." *Denero v. Palm Horizons Mgmt.*, 2015 U.S. Dist. LEXIS 110783, at *9-10 (D.V.I. Aug. 21, 2015).[6]

¶9    "An actual conflict exists if counsel's introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant whom the same counsel is representing." *Id.* at *16 (citing *United States v. Rico*, 51 F.3d 495, 509 (5th Cir. 1995) (internal quotation omitted)). A lawyer "will be forced to withdraw from

---

[5] Virgin Islands Supreme Court Rule 211 established the Virgin Islands Rules of Professional Conduct by court order dated December 23, 2013, and effective on February 1, 2014. "[T]o the extent applicable, the accompanying or related ABA Interpretive Guidelines, Comments and Committee Comments . . . govern the conduct of members of the Bar of this Territory." V.I. S. CT. R. 203(a).

[6] Although the cited case is a Virgin Islands District Court case, the case also interprets V.I. S. CT. R. 211.1.7 ("V.I. Rule 211.1.7"), which is the same rule at issue in this case.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 5 of 23

Cite as 2024 VI Super 42U

representing all of the clients if the common representation fails." *Denero*, 2015 U.S. Dist. LEXIS 25864, at *29. (citing American Bar Association Rule 1.7 (comment 29)).

¶10     The Court has the "inherent power to disqualify an attorney and can do so at its discretion so as to safeguard the integrity of judicial proceedings and eliminate the threat of tainted litigation." *Elgadi v. Ideal Development*, 2021 VI Super 80U, ¶ 23 (V.I. Super. Ct. 2021).[7] However, disqualification is a drastic remedy; "more than vague and unsupported allegations are needed and courts should hesitate to disqualify counsel unless absolutely necessary." *Elgadi*, ¶ 24.[8] As such, the party seeking disqualification must meet a "high standard of proof prior to a lawyer's disqualification." *Elgadi*, ¶ 24.[9]

---

[7] Citing *Fenster v. DeChabert*, Case No. SX-16-CV-343, 2017 V.I. LEXIS 149, at *4 (V.I. Super. Ct. Sept. 27, 2017) (quoting first *Farrell v. Hess Oil V.I.*, 57 V.I. 50, 57 (V.I. Super. Ct. 2012); then *Rodriguez v. Spartan Concrete Prods., LLC*, 2017 U.S. Dist. LEXIS 62923, at *5 (D.V.I. Apr. 25, 2017)) ("'The Court is tasked with supervising the conduct of attorneys that appear before it; and has inherent power to disqualify any attorney if it finds such action is warranted.' 'It is at the Court's discretion to determine whether disqualification is warranted. "The underlying principle in considering motions to disqualify counsel is safeguarding the integrity of the court proceedings and the purpose of granting such motions is to eliminate the threat that the litigation will be tainted.").

[8] Citing *Fenster*, 2017 V.I. LEXIS 149, at *5 (quoting *Denero*, 2015 U.S. Dist. LEXIS 25864, at *7-8) ("'Vague and unsupported allegations are not sufficient to meet this standard.' "Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary.").

[9] Citing *Farrell*, 57 V.I. at 57 (quoting *Prosser v. Nat'l Rural Util. Cooperative Fin. Corp.*, 2009 U.S. Dist. LEXIS 47744, *6 (D.V.I. 2009)) ("Although 'doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a heavy burden and must meet a high standard of proof before a lawyer is disqualified.").

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 6 of 23

Cite as 2024 VI Super 42U

## ANALYSIS

### 1. Attorney Weiss has consistently represented himself as counsel for both Defendant AYSO and Defendant VI-AYSO.

¶11    The briefings raise an argument about whether AYSO and VI AYSO are separate defendants and legal entities.[10] Since the question of whether a concurrent conflict exists in this case depends on the assumption that one counsel is representing two separate clients with a potential conflict, the court first considers whether Defense counsel represents two entities.

¶12    Defendants' opposition asserts that the Plaintiffs have incorrectly named VI AYSO as a defendant at the initiation of this litigation. Specifically, Defendants argue that what Plaintiffs designate as "VI AYSO" is actually "Region 1383" since "VI AYSO is not an independent entity, but instead is a region of AYSO, acting for and with AYSO authority."[11] In addition, Defendants point out that VI AYSO was always covered by AYSO's insurance since it was a regional chapter of AYSO.[12] Plaintiffs counter that Weiss has consistently identified himself as counsel for both AYSO and VI AYSO throughout this case and up until the instant motion to disqualify. The Plaintiffs also assert that a 2001 indemnification agreement between AYSO and VI AYSO provides further evidence that the two are separate legal entities.

¶13    In the instant case, Plaintiffs named several defendants in the initial complaint, including AYSO and VI AYSO.[13] Defendant AYSO and Defendant VI AYSO filed a joint answer to the

---

[10] Defense counsel uses the terms "defendants" and "entities" interchangeably throughout their opposition to Plaintiffs' Emergency Motion to Disqualify. However, the court is primarily concerned with whether AYSO and VI AYSO are two separate clients to resolve the question of whether a conflict exists.

[11] Defs.'s Opp'n, pages 12-13.

[12] *Id.*, page 14; *See* Ex. 24: Philadelphia Indemnity Insurance Company Commercial Lines Policy.

[13] Pls.'s Compl. ¶4-5.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 7 of 23

Cite as 2024 VI Super 42U

complaint.[14] Defendants point to their answer where they deny the allegations in paragraph 5 of the complaint that alleged "VI AYSO was … an organization that sponsored, promoted, and supervised youth soccer in the United States Virgin Islands," and "through its agents, servants and/or employees was supervising the practice game that was taking place at the time of the incident alleged." Weiss insists that AYSO is a single corporation, and VI AYSO is, in fact, only a component or region of AYSO.[15] However, apart from the Defendants' joint answer denying VI AYSO is an organization that sponsored and promoted soccer and was supervising the practice game, nothing in the record reflects that Weiss represented both AYSO and VI AYSO as only one defendant in the litigation. AYSO and VI AYSO even jointly filed a counterclaim against Plaintiffs Dianne Bynoe and Roosevelt Davis.[16] In addition, Weiss has consistently identified himself as counsel for both AYSO and VI AYSO.[17]

¶14    Although some portions of the record reflect that "Region 1383" and "VI AYSO" have been used interchangeably when referencing the latter, the record still demonstrates that VI AYSO,

---

[14] Defs.'s Ans. ("Defendants American Youth Soccer Organization and Virgin Islands American Youth Soccer Organization, (hereinafter "Defendants"), through their undersigned counsel, answer the specifically number paragraph of the Amended Complaint as follows . . . .).

[15] *See* Defendant's Opposition, page 13 quoting AYSO's website: "Unlike other youth organizations, AYSO *is a single corporation – one legal entity – and each Region is a component of this corporation*. Hence the assets of each Region (its bank accounts, savings accounts, development funds, equipment, etc.), as well as the liabilities (bills, leases, lawsuits, etc.), belong to the entire AYSO organization. Each Section Director, Area Director, Regional Commissioner and other Regional official is, in effect, an agent of the corporation, and therefore capable in varying degrees of creating legal obligations on behalf of AYSO." (emphasis added).

[16] Defs.' Mot. for Leave to Amend Answer filed on February 23, 2012; Exhibit A, pages 5-10: "COME NOW defendants, AYSO and VI AYSO, by and through undersigned counsel, and for their counterclaim against plaintiffs, ROOSEVELT DAVIS and DIANNE BYNOE, state and allege as follows . . . .".

[17] *See* Pls.'s Ex. 8, Affirmation of A. Jeffrey Weiss, Esq., at ¶ 1: "I am counsel . . . for defendants American Youth Soccer Organization (hereinafter "AYSO") and Virgin Islands American Youth Soccer Organization (hereinafter "VIAYSO") (collectively the "AYSO defendants") . . . ."; *See also* Pls.'s Ex. 6 Civil Record of Proceedings, Sept. 28, 2012: "Attorney Weiss stated he will submit another stipulation. The Court will note for the record now that counsel represents *both AYSO and VI AYSO*." (emphasis added).

or Region 1383, is a defendant separate from AYSO. For instance, the deposition testimony of

Thomas Tobin ("Tobin"), the former national executive director and the 30(b)(6) representative

for AYSO, included the following exchange regarding a particular volunteer of the Virgin Islands

chapter:

> Q: And after getting this nonexclusive license, Ms. Bingham change the name of
>
> her organization to AYSO of the U.S. Virgin Islands, Inc.?
>
> A: Yes.
>
> Q: And that's a totally separate corporation and totally separate entity from
>
> American Youth Soccer Organization?
>
> A: That's correct.[18]

¶15    Defendants' opposition also points to a provision on the AYSO website detailing the legal

structure of the company: "AYSO is a single corporation and one legal entity, and each Region is

a component of such corporation."[19] Defendants attached a separate summary of the AYSO legal

protection and support which states:

> That National Office should be promptly notified of any claim against a Region, Area or
> Section or any AYSO official, whether filed or merely threatened. If a lawsuit is actually
> brought and an AYSO official is the name defendant the Legal Commission will confirm
> that he or she has acted with apparent authority in such capacity, and in good faith. If so,
> *AYSO will move in the appropriate court to substitute itself as the proper party and
> defendant* or take appropriate action to assume the defense of such suit." (emphasis
> added).[20]

¶16    However, nothing in the record indicates that AYSO has taken any steps "to substitute

itself" for VI AYSO, although there is no information on whether this language on the AYSO

---

[18] Pls.'s Ex. B, Oral Deposition of Thomas Tobin taken on July 15, 2015, page 114.

[19] Defs.'s Opp'n, page 13.

[20] Defs.'s Ex. 23.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 9 of 23

Cite as 2024 VI Super 42U

website predates the initiation of this suit against AYSO and VI AYSO. Until the instant motion was filed, AYSO and VI AYSO were always identified as two defendants in the matter and two clients jointly represented by Weiss. As such, the court finds greater support for the argument that AYSO and VI AYSO are separate co-defendants, both of which are consistently represented by Weiss.

### a. The 2001 indemnification agreement further demonstrates that AYSO and VI AYSO are separate defendants.

¶17    The 2001 Indemnification Agreement between Ms. Theresa Bingham, the then head of the St. Croix Youth Soccer Organization, Inc., and AYSO provides additional support for the inference that AYSO and VI AYSO are different defendants since the agreement makes a distinction between "AYSO" and "AYSO-VI."[21] The Agreement reflects that AYSO granted permission to the St. Croix Youth Soccer Organization to change its name to Virgin Islands AYSO. Moreover, the agreement permits Virgin Islands AYSO to become "a member region of AYSO."[22] However, Plaintiffs point to paragraph 7 of the agreement which states:

> AYSO-VI hereby agrees to indemnify and hold harmless AYSO from and against any claim, liability and expenses, including legal fees and expenses, incurred by AYSO in connect with any misuse by AYSO-VI of the names and trademarks licensed hereunder or resulting from a breach by AYSO-VI of any of its obligations hereunder.[23]

Although this indemnification clause relates to the use of AYSO's trademarks or names and VI AYSO's other obligations under the Agreement, the clause demonstrates that AYSO and AYSO

---

[21] Defs's Ex. 25.
[22] *Id.* at ¶ 1.
[23] *Id.* at ¶ 7.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 10 of 23

Cite as 2024 VI Super 42U

VI are two distinct entities. Moreover, Plaintiffs correctly point out that a legal entity would not enter into an agreement to indemnify itself.[24]

¶18　　Defendants counterargue that in May 2003, "a Charter was granted establishing AYSO Region 1383 as a part of AYSO."[25] As a result, Defendants assert the Charter caused Region 1383 to become a "component of the national organization" and that the 2001 agreement no longer defines the legal status or relationship of the co-defendants.[26] However, Defendants attached one exhibit in support of their assertion that a Charter was established in 2003, but they do not provide any documentation of a definite Charter agreement between Region 1383 and AYSO.[27] Instead, the exhibit shows a display of a website page containing various informational statistics of the Region 1383 chapter on AYSO's website.[28] The court cannot infer that AYSO and VI AYSO entered into a Charter agreement solely based upon a screenshot of a website page.

¶19　　Plaintiffs also counter by pointing to Tobin's deposition testimony in 2015 and his Affidavit, neither of which make any mention of the 2003 Charter agreement nor otherwise identify VI AYSO as a component of AYSO. But more importantly, as indicated above, Tobin testified that VI AYSO is a totally separate corporation and entity from the American Youth Soccer Organization.

---

[24] Pls.'s Reply, page 18.

[25] Defs.'s Opp'n, pages 16-17; *See also* Defs.' Ex. 27.

[26] Defs.'s Opp'n, page 17.

[27] Defs.'s Opp'n, page 17 also cites Tobin's April 9, 2014, deposition, marked as Ex. 12, in support of the Charter agreement, but upon review of the record, the court notes that Exhibit 12 does not contain Tobin's deposition transcript.

[28] Defs.'s Opp'n to Pls.'s Mot. to Disqualify, Ex. 27, "Regional Board: Charter Date: 05/23/03."

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 11 of 23

Cite as 2024 VI Super 42U

¶20    As such, the court concludes that the 2001 indemnification agreement, coupled with Tobin's testimony, provides sufficient evidence to find that AYSO and VIAYSO are two separate entities and defendants.

## 2.  Weiss' joint representation of AYSO and VI AYSO is not directly adverse.

¶21    Having determined that AYSO and VI AYSO have presented themselves as two separate defendants represented by the same counsel, the court must address whether there is direct adversity between AYSO and VI AYSO, as required under V.I. S. CT. R. 211.1.7(a)(1).

¶22    Rule 211.1.7(a) states that a concurrent conflict of interest exists if: "(1) the representation of one client will be directly adverse to another client." Further, in *Denero v. Palm Horizons Mgmt.*, the District Court of the Virgin Islands noted that when determining whether a conflict exists under Rule 211.1.7(a), a court must first consider whether "there is either direct adversity between two or more clients or a significant risk of material limitation on the lawyer's advocacy due to the lawyer's relationship with multiple clients." *Denero*, 2015 U.S. Dist. LEXIS 110783, at *9-10.

¶23    Here, there is no indication in the record that Defendants AYSO and VI AYSO have ever asserted any crossclaims against one another. Moreover, Defendants assert they have consistently provided a unified defense on the grounds that neither of them is liable because Tariq was not involved in any type of AYSO-sponsored activity just prior to the accident. To that end, Defendants argue that their consistent defense is that Tariq's parents were negligent in supervising

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 12 of 23

Cite as 2024 VI Super 42U

Tariq and ultimately responsible.[29] Lastly, Defendants state that both AYSO and VI AYSO are covered by the same insurance, and as such, there is no conflict.

¶24     The court finds no direct adversity between AYSO and VI AYSO. They are treated as two separate entities for purposes of this case, but nothing in deposition transcripts or other evidence filed with the court even suggests adversity between the two parties. Of course, AYSO's national executive director did state that AYSO knew nothing about the UVI field in question and that their "local people, the people attached to AYSO VI are more knowledgeable about the field." However, that statement does not show direct adversity, only that AYSO lacked knowledge of the UVI field.

¶25     Accordingly, the court concludes that Weiss's joint representation of AYSO and VI AYSO does not demonstrate any clear, direct adversity or direct conflict under V.I. S. Ct. R. 211.1.7(a)(1). Nor does the court find any significant risk of material limitation if Weiss continues to represent both AYSO and VI AYSO.

¶26     Plaintiffs extensively cite *Denero* throughout the briefing to draw similarities between the facts and arguments in *Denero* and this case.[30] The *Denero* Court found that an attorney's representation of two co-defendants amounted to an inherent conflict of interest under Rule 211.1.7(a). *Id.* at *16-17. The defendants in *Denero* had argued that no conflict existed because the defendants "have not asserted any defenses in which one defendant is "pointing the finger" at the other. *Id.* at *15. Nevertheless, the *Denero* Court reasoned that a conflict could easily arise

---

[29] Defs.'s Opp'n, page 18.
[30] *See* Pls.'s Emergency Mot. to Disqualify Counsel for Defendants' American Youth Soccer Organization and Virgin Islands American Youth Soccer Organization.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 13 of 23

Cite as 2024 VI Super 42U

given the various potential positions or arguments[31] each defendant could raise in support of "exonerating itself from liability." *Id.* at *14. Moreover, the Court in *Denero* found that the factual scenario would almost guarantee the defendants' attorney would be required to "cross-examine its own party-witnesses" at trial. *Id.* For that reason, the Court in *Denero* ultimately held that a conflict was inherent on the basis that one position that would assist one defendant in absolving itself from liability would be harmful to the other. *Id.* at *22-23.[32]

¶27     This court finds several distinguishing elements between the factual circumstances in *Denero* and this case. First, in *Denero*, one defendant, J-Macks, was the owner and operator of Avalon Villas, where the personal injury accident occurred.[33] The second defendant, Palm Horizons, was the villa's rental agent and property manager.[34] As such, the defendants in *Denero* had more definable and explicit duties as possessors and owners versus manager of a property. In fact, Palm Horizons moved for summary judgment on the grounds that it owed no duty of care because it was not the possessor of Avalon Villa, which subsequently resulted in concern of a potential conflict of interest in joint representation.[35] However, in this case, and up until this

---

[31] *Denero* held, "If Palm Horizons were the property possessor, and not merely an independent contractor, J-Macks could absolve itself of all liability for Denero's injuries as a matter of law. If J-Macks is the possessor, it could be liable for the acts of its independent contractors or agents on the property. In that scenario, J-Macks is also entitled to argue that its agreement with Palm Horizons allows it to seek indemnity if Palm Horizons' negligent repair or inspection is found to have caused Denero's injury." *Denero*, 2015 U.S. Dist. LEXIS 110783, at *13-14. (*See, e.g., Kirschbaum v. WRGSB Associates*, 243 F.3d 145, 151-53 (3d Cir. 2001) (analyzing a contract between property possessor and property manager to determine if the negligence occurred in an area the property manager was responsible for, thereby entitling the possessor to indemnification).

[32] *Denero* stated, "As a legal matter, an actual conflict already exists. First, Palm Horizons has already asserted that it is not the possessor. That assertion, whether intended or not, points any potential liability to its codefendant, J-Macks. Furthermore, direct adversity between the two defendants is imminent at trial once counsel for Denero begins its inquiry regarding which party bore the duty of inspecting the villa and which bore the duty of repairing the villa." *Denero*, 2015 U.S. Dist. LEXIS 110783, at *16-17.

[33] *Denero*, 2015 U.S. Dist. LEXIS 110783, at *1.

[34] *Id.*

[35] *Id.* at *4-5.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 14 of 23

Cite as 2024 VI Super 42U

juncture, neither AYSO nor VI AYSO has been considered either the possessor or owner of the soccer field or the public roadway where the accident occurred. Nor has either defendant individually moved for summary judgment or otherwise sought to separate their defenses. Moreover, any legal duty that AYSO or VI AYSO has remains uncertain at this point in litigation. For instance, Defendants consistently assert that neither AYSO nor VI AYSO owed a duty of care to Plaintiffs because "Tariq and his father arrived at the UVI field over an hour or more" before the game and were not involved in an AYSO sponsored activity at the time of the accident.[36]

¶28 The second distinction between *Denero* and the case at bar is that the two defendants in *Denero*, J-Macks and Palm Horizons, had entered into a contractual agreement relating to the property management of the villas, and the agreement apportioned responsibilities for the maintenance and upkeep of the property between the two.[37] Here, on the other hand, the only concrete evidence of any contractual agreement between AYSO and VI AYSO is the 2001 indemnification agreement relating to liability for the misuse of the AYSO name or trademarks and breach of duties. Although the indemnification agreement demonstrates that AYSO and VI AYSO are separate entities, as noted above, the agreement neither outlines nor delegates certain duties to either defendant, and thus far, they have presented no distinction in their defense or their respective positions. Accordingly, the indemnification agreement between AYSO and VI AYSO

---

[36] Defs.'s Opp'n, page 24; *See also* Defs.'s Opp'n, page 26: "Additionally, the AYSO defendants did not have a legal duty to fence the UVI field, as it is undisputed that neither Region 1383 nor AYSO owned that property."
[37] *Id.* at *2: "The agreement also states that "We [Palm Horizons] will work with Three D Maintenance … for all minor projects … minor renovations and rebuilds … [The contractor] is available to us [Palm Horizons] for the general maintenance issues that our in the field maintenance [sic] crew may not have the time, tools, or expertise for …" (*Id.*) Finally, the agreement states that "the owner [J-Macks] will keep the home and furnishings in good repair: replace and/or repair household items as necessary …" (*Id.*)."

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 15 of 23

Cite as 2024 VI Super 42U

is not helpful or relevant in determining either defendant's level of responsibility or liability in the case of an accident.

¶29    Third, in *Denero*, the different duties of J-Macks and Palm Horizons are directly related to the liability of each defendant in the case of an injury. As such, the likelihood that cross-examination of defendants' responsibilities by their counsel would reveal a conflict in the joint representation of J-Macks and Palm Horizons was more apparent than in the case at bar. In this case, Plaintiffs assert that during a deposition, AYSO states that VI AYSO was responsible for maintaining a safe playing facility, and as a result, Plaintiffs claim AYSO is disclaiming liability for any failure to maintain a safe playing facility. To support that argument, Plaintiffs point to the deposition testimony of Tobin, the authorized representative of AYSO, the national organization:

> Q: Now, who was the person or who were the persons responsible for
>
> obtaining and maintaining the safe playing facilities in - - at the playing at
>
> the University of the Virgin Islands up until this incident occurred in the
>
> year 2007?
>
> Mr. Weiss: Objection.
>
> Witness: It would be the local leadership of VI AYSO to have done so.
>
> Q: Was there a particular person in that leadership who would have been
>
> responsible to have done so?
>
> A: The regional commissioner is the person responsible.[38]
>
> .....
>
> Later on, the examination of Tobin continued:

---

[38] Pls.'s Ex. C, Deposition of Mr. Tobin dated April 9, 2014, pages 109-11.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 16 of 23

Cite as 2024 VI Super 42U

Q: But that risk was not associated with the playing of soccer at the - -

down at the field in question?

A: AYSO knew nothing about the field in question. Our local people, the

people attached to AYSO VI more knowledgeable about the field. The University,

etcetera are the ones most knowledgeable about that particular playing venue and

any risks associated with it. So, it was expected that they would deal with those

things as they saw fit.[39]

¶30    Defendants counter that Plaintiffs attempt to use the word "responsible" to demonstrate

that AYSO is placing blame on VI AYSO to maintain a safe playing field,[40] but there is a difference

between the words "liable" and "responsible." Defendants argue that Plaintiffs interpret

"responsible" to suggest that AYSO is shifting liability and blame to VI AYSO.[41] Defendants

reject plaintiffs' argument and specifically state, "This distinction is critical, as an employee or

volunteer may be responsible for certain job duties - - i.e., charged with doing those things but not

liable as a result."[42]

¶31    The court here agrees with Defendants that any potential responsibility of either AYSO or

VI AYSO in maintaining a safe playing facility does not directly indicate that one Defendant is

more liable than the other in the case of personal injury or that they are at odds. Tobin's testimony

that AYSO is not responsible for maintaining the safety of the soccer field does not imply that VI

---

[39] Pls.'s Ex. B, Deposition of Mr. Tobin dated July 15, 2015, pages 148-149.
[40] Defs.'s Opp'n, pages 23-24.
[41] *Id.*
[42] *Id.*

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 17 of 23

Cite as 2024 VI Super 42U

AYSO is instead directly responsible because each Defendant's duty of care to the Plaintiffs is not as clear here.

¶32     As such, the court finds that the factual scenario presented in *Denero* is distinguishable from this case because both AYSO and VI AYSO are disclaiming liability, and the plaintiffs have not shown any direct adversity between AYSO and VI AYSO. Accordingly, the court finds no inherent conflict merely because AYSO states in its deposition that VI AYSO was responsible for maintaining a safe playing facility at the University of Virgin Islands soccer field.

## A. Deposition testimony from AYSO and witnesses does not reveal an inherent conflict.

¶33     Plaintiffs argue at length that the deposition testimony indicates "there is an extreme dichotomy between AYSO's stated rules and regulations and VI AYSO's actual practices and customs. . . ."[43] According to Plaintiffs, these conflicting positions present a situation where counsel could not diligently and loyally represent both AYSO and VI AYSO. In support of their contention, Plaintiffs attach depositions from several volunteers, coaches and players of the VI AYSO chapter at the time of the accident. The depositions appear to show different positions on issues such as what constitutes a warm-up before a soccer match, at what point a coach's responsibility for a child begins, and who is responsible for oversight of the soccer field.[44] For instance, on the issue of whether a safety director is required for each region, Tobin testified during his deposition that AYSO required every region to implement certain roles and "AYSO has

---

[43] Pls.'s Motion for Disqualification, page 21.
[44] Pls.'s Motion for Disqualification, pages 20-34.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 18 of 23

Cite as 2024 VI Super 42U

deemed it important and has made the safety director one of the required roles."[45] On the other hand, Plaintiffs provided the deposition of VI AYSO's former coach administrator, John McDonald, who stated that in the Virgin Islands regional AYSO's chapter, "nobody that [he] knew was the Safety Director, per se."[46]

¶34     However, these conflicts between the statements of volunteer coaches and players and the position of AYSO, as articulated by Tobin, do not create any obvious conflict for Weiss because none of the volunteers, coaches, or players are the official spokesperson or representatives of VI AYSO, nor do they otherwise bind VI AYSO.[47] Moreover, the court notes that a witness's uncertainty or confusion surrounding the VI AYSO policies is not clearly indicative of an "extreme dichotomy" between the two defendants' positions surrounding the rules and regulations, as argued by Plaintiffs. None of the witnesses have been authorized or designated as a representative to speak on behalf of VI AYSO.

¶35     Another matter in question is whether Tariq was engaged in an AYSO-sponsored activity at the time of the accident. Defendants adamantly argue that Tariq was not involved in any AYSO-sponsored activity when the accident occurred because the warm-up was not "a routine" one. In his deposition, Tobin stated that "AYSO believes that Tariq was not engaged in an AYSO-sponsored activity at the time of the accident"[48] because "[t]he presence of the coach" or assistant coach is required for a warm-up,[49] and no coach was present. Yet, Plaintiffs provide deposition

---

[45] Pls.'s Ex. B, Deposition of Mr. Tobin, dated July 15, 2015, page 61.

[46] Pls.'s Ex. I, Deposition of John McDonald, dated April 19, 2016, pages 17, 99-101.

[47] Defs.'s Ex. 15. The record shows Plaintiffs' efforts to secure a 30(b)(6) deposition of VI AYSO by sending a letter to Defense counsel on September 19, 2013, but no official representative or designee was appointed for VI AYSO, and the deposition has not taken place.

[48] Pls.'s Ex. C, Deposition of Mr. Tobin, dated April 9, 2014, page 54.

[49] *Id.* at pages 83, 93-96, 141-147.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 19 of 23

Cite as 2024 VI Super 42U

testimony from Adalio Araujo, a VI AYSO soccer coach, who stated, "[d]ribbling and passing the ball and warming up was a common practice with the children even in the absence of a coach or the assistant coach during the entire time [he] was with AYSO."[50]

¶36 For example, one of Tariq's teammates, Chariq Sharma, testified that what happened on the day of the accident was not the norm:

Q: Once the Coach arrived, you say, we would all meet and begin warm-up exercises which were supervised by the Coach or the Assistant Coach. And that's true also, isn't it?

A: Like I said, that was the routine that we will go through.

Q: And that hadn't occurred on February 17, 2007, when Tariq ran into the street?

A: No.

Q: You say, this usually occurred before the game was to begin, maybe fifteen to twenty minutes before the game began. And that's also true, isn't it?

A: Yes.

Q: You then go on to say, we also had regularly scheduled practice but not on game days. So, what you guys were doing was not a regularly scheduled practice before Tariq's accident, right?

A: On that day, no.[51]

---

[50] Pls.'s Emergency Mot. to Disqualify Counsel for Defendants' American Youth Soccer Organization and Virgin Islands American Youth Soccer Organization, page 25.
[51] Defs.'s Ex. 40, Chiraq Sharma's Deposition taken on January 5, 2016, page 48.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 20 of 23

Cite as 2024 VI Super 42U

¶37    Therefore, Defendants argue that the warm-up in question was not an AYSO-sponsored activity because the boys had shown up much earlier than fifteen to twenty minutes before the game that day. This was caused in part by the time of the game changing, although the players were not notified.

¶38    Similar to the finding above, the statements of witnesses who are not VI AYSO representatives cannot bind VI AYSO. Certainly, the statements expose a weakness in AYSO's arguments, but without a statement from VI AYSO, it would be error for the court to conclude VI AYSO and AYSO are pursuing conflicting positions.[52]

¶39    Finally, Plaintiffs also assert that AYSO and VI AYSO have different positions on whether AYSO has active oversight of the VI AYSO facilities. Defendants submitted an affidavit of Rebecca Garlington, the former Regional Registrar for VI AYSO, which states that when a reporter from a local newspaper asked her if she was willing to advocate for speed bumps, she states, "I told the reporter that was not something I could comment on and that I would have to bring that to the attention of AYSO's national headquarters for them to decide whether they might be willing to consider such a petition."[53] Garlington's affidavit goes on to state: "Neither AYSO nor Region 1383 had any control over the roadway, or the athletic field, and did not have the right to alter the field or make any improvements to or at the field."[54] This quote supports Weiss' position that the

---

[52] The court acknowledges Defendants filed an affirmation of Pamela Colon, Esq., who identifies herself as the "authorized 30(b)(6) representative for the American Youth Soccer Organization Region 1383". Her affirmation states, 1) the AYSO soccer league in St. Thomas was part of AYSO Region 1383, which included St. Thomas and St. Croix, and there was no separate entity known as VI AYSO, 2) the Region does not believe that any conflict of interest exists with A. Jeffrey Weiss, Esq., and 3) to the extent any conflict may exist, Region 1383 has waived the conflict. Defendants did not fully comply with the requirements of a waiver under V.I. S. CT. 211.1.7(b). However, since the court finds no conflict exists between AYSO and VI AYSO, a proper waiver is not necessary. In any event, Region 1383's 30(b)(6) witness has clearly not presented any position that is contrary to AYSO's.

[53] Pls.'s Motion for Disqualification, page 30; *See also* Pls.'s Ex. F, at ¶ 6.

[54] Pls.'s Ex. F at ¶ 18.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 21 of 23

Cite as 2024 VI Super 42U

two       entities       have       the       same       defense       and       are       not       at       odds.

¶40    In addition, Defendants contend that AYSO had no prior indication or knowledge of the foreseeable risk of a child running out into a busy roadway. The question of foreseeability is posed in Tobin's 2014 deposition:

> Q: Would it be anticipated by - - would it have been anticipated by AYSO at the time of incident that a kid seeing the proximity of the roadway to the field would run after a ball and into the roadway?
>
> Mr. Weiss: Objection
>
> The witness: No.[55]

¶41    However, Araujo, a former VI AYSO soccer coach, testified that children kicking soccer balls out of the field and into the adjacent roadway was a frequent occurrence.[56] Moreover, a former teammate of Tariq's, Konner Kendall, stated that soccer balls had been kicked out into the busy roadway and had been chased after multiple times.[57] On that basis, Plaintiffs argue that the depositions seem to reflect that AYSO and VI AYSO demonstrate different perceptions of the risk of children kicking and chasing errant balls out into the road. Defendants counter that volunteers of VI AYSO, both parents and coaches, had never expressed concerns to the AYSO defendants about the risks of playing soccer on the field. In fact, Defendants point to Rebecca Garlington's 2016 affidavit, which stated: "Neither I or any of the parents I knew in Region 1383 thought the

---

[55] Pls.'s Ex. C, Deposition of Thomas Tobin dated April 9, 2014), pages 84-85.

[56] Pls.'s Ex. J, Deposition of Adalio Araujo dated November 19, 2015), pages 61-62.

[57] Pls.'s Ex. L, Deposition of Konner Kendall dated December 16, 2015), page 53.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 22 of 23

Cite as 2024 VI Super 42U

UVI filed was dangerous because it was next to a roadway and unfenced, or for that matter any other reason."[58]

¶42    As discussed above, the court cannot conclude that AYSO and VI AYSO have conflicting positions simply because volunteers for VI AYSO, who cannot speak for nor bind VI AYSO, have given statements and or deposition testimony regarding the policies and practices of the regional chapter that conflicts with AYSO's position. The court does not find that those answers present a clear conflict warranting disqualification. As mentioned above, the party seeking disqualification must meet a "high standard of proof prior to a lawyer's disqualification." *Elgadi*, ¶ *24. Plaintiffs here have not met that standard of proof. Accordingly, the court does not find enough evidence to conclude that Weiss' joint representation of AYSO and VI AYSO presents an inherent conflict that should result in disqualification.

## CONCLUSION

¶43    The record is replete with evidence that Attorney Weiss has continuously represented AYSO and VI AYSO as separate co-defendants up until the filing of the instant motion to disqualify.  The court finds that—for purposes of the instant motion to disqualify—that AYSO and VI AYSO are separate entities and defendants. However, the court finds that Plaintiffs have not met their burden of showing that Attorney Weiss' representation of AYSO and VI AYSO creates an inherent conflict because Plaintiffs have only produced testimony and evidence as to AYSO's position regarding the oversight and responsibility of the playing field.  Nothing submitted in the record, outside of Attorney Colon's affirmation stating there is no conflict,

---

[58] Defs.'s Ex. 35, Rebecca Garlington's Affidavit taken on March 31, 2016, at ¶ 7.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (Plaintiffs' motion to disqualify Defendants' counsel)
Page 23 of 23

Cite as 2024 VI Super 42U

demonstrates any evidence or testimony given by a representative of VI AYSO as to their position. On that basis, the court cannot conclude the two defendants are taking directly adverse positions or that there is a significant risk that the representation of both clients will be materially limited by a lawyer's responsibility to another. Therefore, the Plaintiffs' Motion to Disqualify will be denied.

An order consistent with this Memorandum Opinion shall immediately follow.

DATED: October 24, 2024

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor 10/24/2024